UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0268-B |
| | § | |
| MARCUS CISNEROS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marcus Cisneros's Motion for Compassionate Release (Doc. 54). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Cisneros pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, the Court sentenced him to 130 months of imprisonment and five years of supervised release. Doc. 50, J., 1–3.

Cisneros, who is now thirty-five years old, is serving his sentence at Seagoville Federal Correctional Institution (FCI). His scheduled release date is April 3, 2026.[1] As of March 12, 2021, Seagoville FCI has reported four active and 1220 recovered COVID-19 cases among inmates.[2]

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

On March 4, 2021, Cisneros filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 54, Def.'s Mot., 1. The Court addresses his motion below. Because Cisneros has not proved exhaustion of his administrative remedies or demonstrated extraordinary and compelling circumstances warranting his release, Cisneros's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.   *Cisneros Has Not Demonstrated Proof of Exhaustion.*

Cisneros's request for compassionate release is denied because he has not proved that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

§ 3582(c)(1)(A).[3]

In his motion, Cisneros does not provide proof that he has exhausted his administrative remedies. Cisneros states that he:

> sent a written request for compassionate release to the Warden in January 2020 and received a response over 30 days later on 04/22/20. An appeal to Regional Director Baltazar was accepted on 10/26/20 and a response was received over 30 days later on 12/22/20.

Doc. 54, Def.'s Mot., 1. But Cisneros does not adequately substantiate these statements. Though Cisneros attaches some documents to his motion, none of these documents relate to compassionate-release requests made to the BOP. *See generally id.*

Defendants are required to prove compliance with the exhaustion requirement of § 3582(c)(1)(A). *See, e.g., United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020). Proof of compliance ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *See id.* A motion that lacks proof of compliance with the exhaustion requirement is insufficient. Thus, Cisneros's request for compassionate release fails.

B.   *Cisneros Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Cisneros exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that the commentary to § 1B1.13 is "not dispositive," but "guid[ing]"). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Cisneros has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Cisneros explains that he "is a morbidly obese type I diabetic with a BMI of 46 and severe sleep apnea, placing him at an exceptionally high risk of COVID-19 complications." Doc. 54, Def.'s Mot., 1. He further states that he "has high cholesterol, high blood pressure, and high triglycerides." *Id.* Finally, Cisneros argues that his medical conditions, paired with the circumstances at his facility (namely, that it has "the highest positivity rate, number of positive persons, and poorest management of the COVID-19 outbreak in the

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

nation"), Cisneros "is guaranteed to catch COVID in the next five years." *Id.* at 1, 3.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at Seagoville FCI. But the facility's statistics—1220 recovered cases and four active case of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Cisneros's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Seagoville FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Cisneros's individual circumstances, the Court finds that his medical conditions do not constitute extraordinary and compelling circumstances. First, though Cisneros's medical records indicate that he uses a CPAP machine, which supports his contention that he suffers from sleep apnea, *see* Doc. 54, Def.'s Mot., 16, his medical records do not substantiate any other of his alleged medical conditions. Indeed, the Court cannot confirm from the medical records provided that Cisneros suffers from morbid obesity, high cholesterol, or high blood pressure. *See generally id.*[5] Thus, the Court does not find extraordinary and compelling circumstances. *See, e.g.*, *United States v. Parker*, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (declining to find extraordinary and compelling circumstances on the basis of alleged medical conditions without substantiating medical records); *United States v. Medina*, 2020 WL 6737882, at *3 (N.D. Tex. Nov. 16, 2020) (same).

However, even if Cisneros had supplied evidence substantiating all his alleged medical

---

[5] It does appear from the medical records, however, that Cisneros is at an "[i]ncreased [r]isk" of developing diabetes. Doc. 54, Def.'s Mot., 18.

-5-

conditions, the Court would not likely be inclined to find that they constitute extraordinary and compelling circumstances warranting Cisneros's release. Cisneros makes no allegations that his conditions are not under control, nor that they "substantially diminish[] [his] . . . ability. . . to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. In sum, Cisneros has not demonstrated that extraordinary and compelling reasons warrant his release, so his request for compassionate release fails.

Lastly, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). But due to Cisneros's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Cisneros's release, the Court would nonetheless deny Cisneros's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and compelling circumstances.

## IV.

## CONCLUSION

Cisneros's request for compassionate release under § 3582(c)(1)(A) fails because he has not proved exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For both these reasons, the Court **DENIES** Cisneros's motion (Doc. 54) **WITHOUT PREJUDICE**.

By denying Cisneros's motion without prejudice, the Court permits Cisneros to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide evidence supporting a finding of extraordinary and compelling reasons

for release.

    **SO ORDERED.**

    **SIGNED: March 15, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE